IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY COLLINS, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 16-00212-CG-M |
| CYNTHIA STEWART, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen.LR 72(a)(2)(R), and is now before the Court for Plaintiff's failure to pay the partial filing fee.

On June 2, 2016, Plaintiff was ordered to complete and file this Court's form for a motion to proceed without prepayment of fees, or to pay the $400.00 by July 5, 2016 (Doc. 2). On July 8, 2016, a Report and Recommendation was entered recommending that this action be dismissed for Plaintiff's failure to prosecute by not filing this Court's form for a motion to proceed without prepayment of fees, or paying the $400.00 filing fee as ordered. On July 22, 2016, Plaintiff filed a Notice of Change of Address (Doc. 4) Motions for leave to proceed without prepayment of fees (Docs. 5, 6), Notice of Filing Affidavits

(Doc. 7) and Motion for Status Update (Doc. 8). Since Plaintiff had finally informed the Court of his address and filed the Motion to Proceed Without Prepayment of Fees, as previously ordered, the undersigned withdrew the Report and Recommendation entered on July 8, 2016 (Doc. 9).

On July 29, 2016, after review of Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 6), the Court ordered Plaintiff to pay a $30.40 partial filing fee not later than August 29, 2016 (Doc. 10). Plaintiff was warned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action for failure to prosecute and to obey the Court's order. The Order was mailed to Plaintiff at Bibb County Correctional Facility, 565 Bibb Lane, Brent, Alabama 35034, his last known address. To date, Plaintiff has not paid the partial filing fee, nor has the Order been returned to the Court as undeliverable. The Court finds that Plaintiff has once again abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by paying the partial filing fee, the Court recommends that, through its inherent powers, this action be dismissed without prejudice. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has

generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

In the present action, if plaintiff disputes the finding of failure to pay the partial filing fee and wants to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay. *Wilson,* 414 F.3d at 1320 (citing to *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to a pay partial

filing fee)).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

DONE this 2nd day of September, 2016.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE